United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SABROSURA MUSIC LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-25-961 |
| | § | |
| VIRGIL R. GAZCA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a copyright dispute over "Cumbia King" Rodolfo "Fito" Olivares's work "La Cobra." (Docket Entry No. 38). Sabrosura Music LLC and Olivia Records LLC allege that Virgil Gazca and Richard Elizondo released a song also titled "La Cobra" on various digital streaming platforms, including Apple Music and Spotify. (*Id.* ¶ 1). Sabrosura and Olivia alleges that this song contains "unauthorized samples of both the sound recording and musical composition of Fito's track." (*Id.* ¶ 2). Sabrosura and Olivia allege that Duck Down Music, Inc. is the "distributor of the infringing work." (*Id.* ¶ 39).

Duck Down has moved to dismiss the claims against it, arguing that Sabruosura and Olivia do not have standing, personal jurisdiction over Duck Down is improper, and the complaint fails to state a claim. (Docket Entry No. 52). Duck Down argues that Sabruosura and Olivia lack standing because they have sued the wrong entity; the "distributor allegations concern DNF [Partners, LLC]," not Duck Down. (*Id.* at 6). Based on Duck Down's argument, Sabrosura and Olivia moved to join DNF Partners, Inc. and DNF Partners LLC. (Docket Entry No. 59). Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss, (Docket Entry No. 52), without prejudice and with leave to amend. The court grants in part the motion to join DNF Partners, Inc. and DNF Partners LLC. (Docket Entry No. 59).

Sabrosura and Olivia may add them as defendants to their amended complaint, which must be filed no later than July 27, 2026.

The court grants the motion to dismiss because the single, bare allegation that Duck Down is a distributor is insufficient to state a claim and establish personal jurisdiction. "Under the Copyright Act, copyright owners have the exclusive rights to copy, distribute, and digitally transmit their copyrighted works." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 964 (2026) (citing 17 U.S.C. § 106). "So, for example, if a musician has a copyright for a song recording, others generally cannot copy and share that recording without the musician's permission." *Id.* But the Federal Rules of Civil Procedure require more than a conclusory allegation of the legal wrong—in this case, distribution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Sabrosura and Olivia must plead the "factual content," *see id.*, that allows the court to draw the legal conclusion that Duck Down unlawfully distributed the infringing work. The complaint does not explain what wrongful distribution acts Duck Down performed. (*See generally* Docket Entry No. 38). The court concludes that paragraph 39, without more, is a legal conclusion that does not state a claim for relief. *See Interscope Recs. v. Rodriguez*, No. 06CV2485-B (NLS), 2007 WL 2408484, at *1 (S.D. Cal. Aug. 17, 2007) (a "bare conclusory statement" that the defendant "downloaded, distributed and/or made available for distribution to the public copyrighted works" was insufficient); *Atl. Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 283 (D. Conn. 2008) (same); *Live Face on Web, LLC v. Megapreventionrx, LLC*, No. CV 15-7143 (JHR/AMD), 2016 WL 3561770, at *3 (D.N.J. June 29, 2016) (same).

Additional factual allegations are necessary not only to state a claim, but also to establish personal jurisdiction. "Courts have held that defendants who distribute allegedly infringing products to a state are subject to personal jurisdiction in that state on copyright-infringement claims arising out of those distributions." *Collins v. Doe*, No. CIV.A. H-10-2882, 2012 WL 1414246, at

*5 (S.D. Tex. Apr. 23, 2012).  In *Ham v. La Cienga Music Company*, the Fifth Circuit suggested that personal jurisdiction over copyright claims against a music distributor would be proper if the defendant distributed the infringing work in Texas.  4 F.3d 413, 416 & n.13 (5th Cir. 1993); *accord Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).  A music distributor does not need to target Texas specifically, but the distributor must have placed the infringing work into the stream of commerce "with the expectation that it would be purchased by or used by consumers in the forum state."  *See Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)).  The complaint's bare allegation that Duck Down was the infringing work's distributor is insufficient to show that Duck Down "reasonably expected that" the copies it distributed "would be sold or used in Texas."  *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 290 (5th Cir. 2020) (per curiam).

In short, the complaint allegations do not state a claim or establish personal jurisdiction against Duck Down because they do not explain how Duck Down caused the infringing work to be distributed, sold, or used, and how those acts related to Texas.  The motion to dismiss, (Docket Entry No. 52), is granted.  Because Sabrosura and Olivia may be able to amend their complaint to state a claim and establish personal jurisdiction, the dismissal is without prejudice and with leave to amend no later than July 27, 2026.

The motion to join DNF Partners, Inc. and DNF Partners LLC, (Docket Entry No. 59), is granted in part.  The plaintiffs have leave to amend to substitute these entities for Duck Down or to plead claims against these entities in the alternative.

SIGNED on June 23, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3